UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| SHELLY ANDREWS,<br>INDIVIDUALLY AND ON BEHALF OF<br>ALL OTHERS SIMILARLY SITUATED,<br>Plaintiff<br><br>v.<br><br>EDUCATION CREDIT MANAGEMENT CORP. and<br>NCO FINANCIAL SYSTEMS, INC.<br>    Defendant | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CASE NUMBER:<br><br>CLASS ACTION<br>COMPLAINT<br><br>TRIAL BY JURY<br>DEMANDED<br><br>JUNE 10, 2011 |

## I. INTRODUCTION

1. Shelly Andrews brings this suit on behalf of herself and all those similarly situated against NCO Financial Systems, Inc., a debt collector, on account of its misrepresentation of and non-compliance with federal student loan rehabilitation law as described more fully below in violation of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq.*, ("FDCPA"), and the Connecticut Unfair Trade Practices Act, Conn. Gen. Stat. §§ 42-110 *et seq.* ("CUTPA"); and against Education Credit Management Corp., a federal student loan guarantor, also for its misrepresentation of and non-compliance with federal student loan rehabilitation law under pendant state claims of breach of contract, violations of the Creditor Collection Practices Act, Conn. Gen. Stat. §§ 36a-645 *et seq.* ("CCPA"), and CUTPA.

## II. PARTIES

2. Shelly Andrews is a natural person residing in Manchester, Connecticut.

3. The defendant NCO Financial Systems, Inc. ("NCO") is a Pennsylvania Corporation headquartered in Horsham, Pennsylvania and is engaged in the collection

of consumer debts. The Defendant uses instrumentalities of interstate commerce in the collection of debts.

4. The defendant Education Credit Management Corp. ("ECMC") is a Minnesota Non-Profit Corporation headquartered in Oakdale, Minnesota and is engaged in the lending, insuring, and collecting of federal student loans under the Federal Family Education Loan Program ("FFEL").

### III. JURISDICTION

5. Jurisdiction in this Court is proper pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

6. This Court has jurisdiction over the defendants and venue in this Court is proper, because the acts complained of occurred in this state and because the Plaintiff and the Class Members are residents of Connecticut.

### IV. FACTUAL ALLEGATIONS OF PLAINTIFFS' TRANSACTIONS

7. The Plaintiff was a debtor with federal student loans that were placed into default status.

8. The loan assigned to NCO for collection purposes.

9. Subsequently, ECMC acquired the loans, and NCO continued to attempt to collect the loans on its behalf.

10. NCO contacted the Plaintiff and offered her an opportunity to enter rehabilitation to cure the default status of her federal student loans.

11. NCO sent a letter to the Plaintiff and the Class Members concerning the loan rehabilitation program that enclosed Rehabilitation Loan Program Agreement (the "Terms Letters").

12. The Terms Letters required that Plaintiff and the Class Members, as a condition of rehabilitation "pay to ECMC the sum of $____ per month…for at least 9 consecutive months…" They further stated, "After the borrower has made 9 consecutive voluntary and on-time payments, ECMC will attempt to secure a rehabilitation lender for the borrower's loan(s)." Also included was the following statement, "Should the borrower fail to make any of the payments required by this Repayment Agreement with good funds for a period for more than 20 days before or after the scheduled payment date, the entire unpaid amount, including accrued interest and collection costs shall become due immediately.  ECMC or its agency shall be free to pursue any possible collection actions including, but not limited to, Administrative Wage Garnishment and income tax seizure.  Failure to make payment may result in the loss of eligibility to have the loans(s) rehabilitated."

13. Federal law does not require that nine consecutive payments be made for a loan to be rehabilitated.  Specifically, 20 U.S.C. § 1078-6 provides that nine payments must be made within ten months.  Additionally, only nine payments within ten months must be made under 34 C.F.R. § 685.212(f) with respect to William D. Ford Federal Direct Loan Program (direct loans) and 34 C.F.R. § 682.405(b)(1)(ii) with respect to FFEL loans.

### V. CLASS ALLEGATIONS

14. Paragraphs 1-13 are herein incorporated.

15. Plaintiff brings this action as a class action.

16. Class A is comprised of individuals in Connecticut who are similarly situated to the Plaintiff in that, within one year of the commencement of this action and

continuing to the date that an order is entered certifying this class, NCO, acting as a collector for ECMC, sent them a Terms Letter on behalf of ECMC as described in paragraph 12, a sample of which is attached as Exhibit A.

17. Class B is comprised of individuals in Connecticut who are similarly situated to the Plaintiff in that, within one year of the commencement of this action and continuing to the date that an order is entered certifying this class, NCO, acting as a collector for ECMC, sent them a Terms Letter on behalf of ECMC as described in paragraph 12, a sample of which is attached as Exhibit A.

18. The proposed Classes are so numerous that joinder of all members would be impracticable.  Plaintiff does not know the size of the classes, although this information is known by the defendants and is readily ascertainable in discovery.  Based upon information readily available concerning the defendants, the size of their operation, and their specialization in the collection of student loans, Plaintiff estimate and accordingly allege that there are hundreds and, in all probability, thousands of individuals in the classes.

19. There is a community of interest among the members of the proposed Classes in that there are questions of law and fact common to the proposed Classes that predominate over questions affecting only individual members.

20. Plaintiff's claims are typical of those of the Classes that she seeks to represent.

21. Plaintiff is represented by counsel competent and experienced in both consumer protection specific to student loans, and class action litigation.

22. The common questions of law and fact predominate over any individual questions, in that the Terms Letters are form letters, and any individual questions are subordinate to the common questions of whether ECMC breached the promissory notes, and if the defendants violated the FDCPA (NCO), the CCPA, (ECMC), and CUTPA (both), by misrepresenting the class members' rehabilitation rights.

23. A class action is superior to other methods for the fair and efficient adjudication of the controversy.  Because the damages suffered by individual class members are relatively small compared to the expense and burden of litigation, it would be impractical and economically unfeasible for class members to seek redress individually.  The prosecution of separate actions by the individual class members, even if possible or likely, would create a risk of inconsistent or varying adjudications with respect to the claims asserted by individual class members and could create incompatible standards of conduct for the defendants.  Moreover, because most class members are unaware of the right to make nine payments within ten months to qualify for rehabilitation, they are unlikely to bring an independent action, and a class action is the only way that these violations can be rectified.

## VI.  CLAIMS FOR RELIEF

### FIRST CAUSE OF ACTION – CLASS A
### Class A Claims for Violations of 15 U.S.C. §§ 1692 *et seq.* (NCO) and Violations of Conn. Gen Stat. §§ 36a-645 *et seq.*(ECMC)

24. Paragraphs 1 through 23 are herein incorporated.

25. Pursuant to 20 U.S.C. § 1078-6(a)(1) and 34 C.F.R. § 682.405(b)(1)(ii), the terms of a loan rehabilitation agreement must allow for the required nine payments to be made within a ten month period.

26. NCO violated the FDCPA by falsely representing the law governing the amount of time in which the required nine payments were to be made.  NCO's violations include, but are not limited to, the following:

    a. It falsely represented the time in which payment could be received to qualify for rehabilitation, in violation of 15 U.S.C. § 1692e(10).

    b. It falsely represented the character, amount or legal status of the debts, in violation of 15 U.S.C. § 1692e(2)(a);

    c. It collected amounts that were not permitted by law in violation of 15 U.S.C. § 1692f(1).

27. Pursuant to 15 U.S.C. § 1692k, NCO is liable to the Plaintiff and the Class A Members to whom it sent the Term Letter.

28. ECMC violated the CCPA by falsely representing the law governing the amount of time in which the required nine payments were to be made.  ECMC's violations include, but are not limited to, the following:

    a. It falsely represented the time in which payment could be received to qualify for rehabilitation, in violation of Conn. Agencies Reg. § 36a-647-6(11);

    b. It falsely represented the character, amount or legal status of the debts, in violation of Conn. Agencies Reg. § 36a-647-6 (2)(a);

    c. It collected amounts that were not permitted by law in violation of Conn. Agencies Reg. § 36a-647-5(7).

29. Pursuant to Conn. Gen. Stat. § 36a-648, ECMC is liable to the Plaintiff and the Class A Members to whom it sent the Term Letter.

## SECOND CAUSE OF ACTION – CLASS B
**Class B Claims for Violations of Conn. Gen. Stat. §§ 42-110 *et. seq.***

30. Paragraphs 1 through 23 are herein incorporated.

31. The defendants violated CUTPA by falsely representing the class members' rehabilitation rights.

32. The defendants' acts as described above were against public policy, and were unfair, immoral, unethical, oppressive and unscrupulous and such as to cause substantial injury to consumers.

33. The Class B Members have sustained an ascertainable loss as a result of the defendants' acts in that they were denied the flexibility to which they were entitled.

34. Defendants are liable to Class B Members for these losses as well as, in the discretion of the Court, punitive damages pursuant to Conn. Gen. Stat. § 42-110g.

35. Plaintiff seeks an order for injunctive relief compelling Defendants to provide accurate descriptions of rehabilitation rights in all communications and that they afford her, the Class Members, and other student loan debtors with their rights under federal law.

WHEREFORE, the Plaintiff seeks on behalf of herself and the class members statutory damages, actual damages, punitive damages, injunctive relief, and a reasonable attorney's fee, and costs.

**PLAINTIFFS DEMAND A TRIAL BY JURY**

PLAINTIFF, SHELLY ANDREWS,
Individually And On Behalf Of The Class,


By: /s/ Daniel S. Blinn
Daniel S. Blinn, Fed Bar No. ct02188
dblinn@consumerlawgroup.com
Consumer Law Group, LLC
35 Cold Spring Rd., Suite 512
Rocky Hill, CT  06067
Tel. (860) 571-0408  Fax. (860) 571-7457

Joshua R.I. Cohen, Fed Bar No. ct27939
jcohen@TheStudentLoanLawyer.com
Law Office of Joshua RI Cohen, LLC
2074 Park Street, 2nd Floor
Hartford, CT 06023
Tel (860) 233-0338 Fax (860) 233-0339

Brian L. Bromberg, Fed Bar No. ct26967
brian.bromberg@brianbromberg.com
Bromberg Law Office, PC
40 Exchange Place, Suite 2010
New York, NY 10005
Tel (212) 248-7906 Fax (212) 248-7908